McKELLAR v. PARKER.

SAME v. KNIGHT.

SAME v. STOKES.

The first day of the Court of Common Pleas is the day fixed by statute for its opening; and an order requiring security for costs to be filed on or before the first day of the next term of such court, or that plaintiff be non-suited, is not complied with by filing such security at a later day, which, however, was the first day of its actual opening. And upon such failure the order of non-suit became operative and beyond the control of a succeeding judge.

Before Hudson, J., Clarendon, October, 1887.

These were three cases heard together on one Brief. The opinion fully states the case.

*Messrs. Haynsworth & Dinkins*, for appellant.

*Mr. E. W. Moise*, contra.

September 20, 1888. The opinion of the court was delivered by

Mr. Justice McGowan. The following is the case agreed upon : This was an action for the recovery of real property. At October term, 1886, an order was made by his honor, Judge Wallace, that the plaintiff give security for costs, on or before the first day of the next term (to wit, of the February term, 1887), or be non-suited. On Friday, February 18, 1887, security for costs was given and accepted and filed by the clerk. At October term, 1887, the following order was made, omitting the caption : "It appearing to the court that the order of his honor, Judge Wallace, requiring the plaintiff to file security for costs, has not been complied with according to the terms thereof, it is,

on motion of Moise, attorney for defendants, ordered that the plaintiff be non-suited."

The plaintiff appeals from this order on the ground "that Judge Wallace's order having required the plaintiff to give security for costs on or before the first day of the next term (to wit, of the February term, 1887), or be non-suited; and the Court of General Sessions for Clarendon County, in February, 1887, having been prolonged for two days beyond the Wednesday following the second Monday in February, 1887 (to wit, during Wednesday and Thursday, 16th and 17th of February, 1887); and it appearing by the Common Pleas journal that the Court of Common Pleas for said county was begun to be holden on Friday, 18th February, 1887 ; and the required security for costs having been given and filed with the clerk of said court on the 18th of February, 1887, his honor, Judge Hudson, erred in adjudging that the order for security had not been complied with, and in ordering that plaintiff be non suited," &c.

The act of 1884 (18 *Stat.*, 888) provided that the Court of General Sessions for the County of Clarendon should be held at Manning on the second Monday in February, and the Court of Common Pleas at the same place, on the Wednesday following the second Monday in February.   In the year 1887, the second Monday of February fell on the 14th, and the Wednesday following on the 16th of the month.   At the February term indicated (1887) the Court of General Sessions was continued in session from Monday until Friday, the 18th ; and it is insisted that, as the Court of Sessions had the preference, Friday, the 18th, was in reality "the first day of the term," and the security given and filed on that day was a compliance with the order of Judge Wallace requiring it.

We regret to say that we cannot concur in this view.   We think that "the first day of the term" in Judge Wallace's order must be construed to mean the first day of the term as fixed by law, viz., Wednesday, the 16th of February, and the security not having been entered in accordance therewith, we cannot say that there was error in Judge Hudson's order enforcing the non-suit. It is true that section 27 of the Code provides that "should the business before the Court of General Sessions at any time not be

completed on the arrival of the day fixed by law for the holding of the Court of Common Pleas for said county, the judge presiding may, in his discretion, adjourn said Court of Common Pleas until the business of the Court of General Sessions shall have been concluded," &c. This, however, could only be done by "adjourning" the Court of Common Pleas, and certainly there could be no "adjournment" until after the court had been opened. We think that Wednesday, the 16th, was "the first day of the term" of the Court of Common Pleas, and it was necessary to open it on that day in order to adjourn it. When the Sessions business has not been completed on the arrival of the day fixed by law for the Common Pleas, we think it is the practice to open the Common Pleas and to adjourn it over. "After a non-suit has been granted, the judge cannot, without the consent of the party in whose favor it has been granted, or his attorneys, set it aside and restore the case to the docket ; for the non suit is as much a legal ending of the cause as a verdict." *McDermaid and wife* v. *Earnest,* 4 Strob., 192.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.